## No. 891.

STATE EX REL. LUDGER SCHEXNAYDER VS. MINOS T. GORDY, SHERIFF.

The relator took a bill of exceptions to the ruling of the judge a quo admitting parol proof that the release bond accepted by the sheriff was taken to the clerk's office and delivered to him to be filed, on the ground that the said clerk had issued a certificate to relator to the effect that no such bond had been so filed within the ten days prescribed, and such certificate could not be disproved by parol evidence.

The court below did not err. This is not such an official act as comes within the rule invoked by relator. This court is not referred to any law which makes it the duty of the clerk to issue such a certificate as an authentic instrument. It is nothing more than a written statement by any other individual.

APPEAL from the Third Judicial District Court, parish of St. Mary. *Train*, J. *A. C. Dumartrait*, for plaintiff and appellant. *Fred. L. Gates*, for defendant and appellee.

HOWELL, J. This is a proceeding by mandamus to compel the sheriff of St. Mary to deliver to the relator fourteen hogsheads of sugar, sequestered in the suit of L. Schexnayder vs. J. T. Dumesnil, upon relator's furnishing a release bond for one thousand dollars as ordered by the judge *a quo*. The answer of the sheriff is, that within ten days of the seizure, the defendant in the sequestration presented an order of the judge and a bond, with good security, given in conformity therewith, and he, the sheriff, accepted the said bond, released the property to the said defendant, and returned the said bond into court as required by law.

The relator took a bill of exceptions to the ruling of the judge admitting parol proof that the bond taken by the sheriff was taken to the clerk's office and delivered to the clerk to be filed, on the ground that

the said clerk had issued a certificate to the relator to the effect that no such bond had been so furnished or filed within the ten days, and such certificate could not be disproved by parol evidence.

The judge did not err. This is not such an official act as comes within the rule invoked by relator. We are referred to no law which makes it the duty of the clerk to issue such a certificate as an authentic instrument. It is nothing more than a written statement by any other individual.

The evidence shows that the defendant furnished a release bond as ordered, and delivered it to the deputy clerk within ten days after seizure. This was sufficient, and the judgment in favor of the sheriff is correct.

Judgment affirmed.