THE PYROLUSITE MANGANESE COMPANY *vs.* WARD.

1. The law of this state providing for the issuance of an attachment against a non-resident debtor is not in conflict with section 2, article 4 of the constitution of the United States, which declares that citizens of each state shall be entitled to all privileges and immunities of citizens of the several states, nor is it in conflict with the fourteenth amendment of that constitution.

(*a*.) A corporation is not a citizen.

2. Where an attachment was issued on an open account, there was no error in leaving the case to the jury, although the proof of the account was a writing.

December 21, 1884.

Constitutional Law. Attachments. Citizens. Corporations. Practice in Superior Court. Before Judge FAIN. Bartow Superior Court. July Adjourned Term, 1883.

Ward sued out an attachment against the Pyrolusite Manganese Company, on the ground of non-residence. The declaration in attachment declared on an open account. On the trial, the defendant moved to dismiss the attachment, on the grounds that the attachment laws as to non-residents were in conflict with the 14th amendment to the constitution of the United States. The proof submitted in support of the plaintiff's case was a written contract of lease. The court refused a non-suit, and submitted the case to a jury, who found for the plaintiff. Defendant excepted.

JOHN W. AKIN, for plaintiff in error.

GRAHAM & FOUTE, for defendant.

BLANDFORD, Justice.

The defendant in error sued out an attachment against the plaintiff in error on an account for rent because the plaintiff in error resided out of the state. Plaintiff in error moved to dismiss the same, on the ground that it was void under the 14th amendment to the constitution of the United States, which motion the court overruled. The defendant also insisted that the court should have rendered judgment in said case, and that the same should not have been left to a jury. This was also overruled; and these two grounds form the errors excepted to.

1. Section 2, article 4, constitution of the United States declares, " that citizens of each state shall be entitled to all privileges and immunities of citizens of the several states." This clause has always been construed to mean that the citizens of one state should be allowed the same rights as the citizens of another state; that is, this clause made any citizen of any state a citizen of all other states; and our law as to attachments against non-resident defendants was and is not in conflict with this clause of the constitution in this particular. The 14th amendment to the constitution of the United States confers no greater right on the citizen than is conferred by section 2, article 4 of the constitution, in the particular named.

No one ever dreamed that the attachment laws of the several states, authorizing attachments against non-resident defendants, were violative of the constitution of the United States. Argument is unnecessary. Cooley's Const. Lim., 492, and cases cited. Corporation not a citizen. 1 Black R., 286.

2. The court did right, under the law and facts of this case, to leave the case to the jury; the action was upon an account, and the proof of the same was a writing.

Judgment affirmed.