[No. 663.   Decided January 6, 1893.]

THE CITY OF SEATTLE, *Appellant*, v. FRANCIS DORAN AND ELIZABETH ANDERSON, *Respondents*.

EVIDENCE — PROOF OF PUBLICATION — ORDINANCES — SECONDARY PROOF — AUTHORITY OF ACTING MAYOR — PRESUMPTION AS TO PASSAGE.

Any competent proof tending to establish the publication of the filing of an assessment roll is admissible in the absence of any provision in the charter or ordinances of a city requiring proof of the publication of such notice to be preserved in any particular way. (*Wilson v. Seattle*, 2 Wash. 548, modified.)

Where an original ordinance has been destroyed by fire, parol proof is admissible to show that it had been signed by the mayor, although the record of the ordinance in the ordinance book fails to show the signature.

There is sufficient *prima facie* proof of the authority of an acting mayor to approve an ordinance when it is shown that the mayor of the city has stated to the council that he will be absent from the city for some weeks, and the council, pursuant to the charter of the city, have elected one of their number acting mayor during his absence, who has served as acting mayor from the time of his election down to the passage and approval of such ordinance.

An ordinance authorizing the improvement of a street will be presumed to have been passed at a regular meeting by all councilmen present when the proof tends to show that its passage was at an adjourned meeting from a regular meeting, and the record states that the same was passed, and that several councilmen, naming them, voted in the affirmative, and that none voted against it.

*Appeal from Superior Court, King County.*

*W. S. Relfe*, and *W. H. Moore*, for appellant.

*W. R. Andrews*, and *John G. Barnes*, for respondents.

The opinion of the court was delivered by

SCOTT, J.—In April, 1890, the city of Seattle commenced two suits to foreclose liens claimed by it against the defendants, for the cost of the improvement of Fifth street assessed against certain property owned by said defendants respectively, one suit being to enforce the lien against lots four and five, in block thirty-five of Boren's addition to the city, belonging to Elizabeth Anderson, and the other to foreclose such lien against lot seven, of block thirty-four, of said addition, the property of Francis Doran. By consent the cases were tried together. Judgment was rendered for the defendants and the city appealed.

The principal error complained of by the appellant is, that the court refused to permit testimony to prove the publication of the notice regarding the assessment roll required by § 5 of ordinance No. 737, which is as follows:

"SEC. 5. That within three days after filing the roll, the clerk shall give notice, by publication, of such filing — that the same is open to inspection, and that any person feeling aggrieved thereby may apply to the council at its first regular meeting, the date to be therein stated. Notice to be published ten days in each successive issue of newspaper."

It seems that the court refused to permit this proof in accordance with the opinion heretofore rendered by this court in *Wilson v. Seattle*, 2 Wash. 548 (27 Pac. Rep. 474), wherein it is stated that the council could know the fact of the publication in no other way than by the certificate or affidavit of the publisher, and until that document was before it, it had no jurisdiction to proceed. The language used in *Wilson v. Seattle*, in this particular, is somewhat unfortunate. The matter itself was not directly in issue in said cause, and no particular attention had been directed thereto. There is nothing in the charter, or in any of the ordinances of said city to which our attention has been called, which requires the proof of the publication of such notice to be preserved by the city clerk in any particular way, or at all for that matter, though doubtless the city records should show in some way that such notice was published, and a regular way would be by an affidavit of the publisher, and such affidavit thus appearing would be held to be *prima facie* proof of the publication; but in the absence of any such requirement, competent proof tending to establish the publication of the notice would be permissible. The court below was justified under the decision mentioned in holding as it did, but we are satisfied that decision went too far. It is the fact of the publication which gave the city council jurisdiction to proceed, and not the proof of it, under the circumstances. 1 Dillon, Mun. Cor. (4th ed.), § 300.

The appellant sought to prove ordinance No. 955, directing the improvement, by introducing the ordinance book

into which the same had been copied.    By this copy it did
not appear that said ordinance had ever been approved, or
signed by the mayor.    There was proof to show that the
original ordinance had been destroyed by fire, and that it
had been approved and signed by Jacob Furth, acting
mayor.    The respondent objected to this proof on the
ground that parol testimony could not be introduced to
show that the ordinance had in fact been signed, as the
official record thereof failed to show it.    And he further
objects upon the ground that it did not sufficiently appear
that said Jacob Furth was the acting mayor, or had au-
thority to sign said ordinance.

Upon the first proposition, we are satisfied that parol
proof was admissible to show the fact that the ordinance
had been signed.    This testimony was not a contradiction
of the record, but was offered to supply a defect or omis-
sion.    The proof showed that it was the clerk's custom in
copying the ordinances into the ordinance book not to write
the mayor's name therein, but to leave the place blank, and
that the mayor would thereafter from time to time re-sign
said ordinances in said book.    In this instance it had not
been so signed.    See *Knight v. Kansas City, etc., R. R. Co.,*
70 Mo. 231.    As to the further point in relation to the
authority possessed by Furth, it appears that some weeks
prior to the time ordinance No. 955 was passed, the mayor
stated to the council that he was to be absent from the city
for some weeks, whereupon the council elected Councilman
Furth to act during his absence.    It is contended by the
respondent that there was nothing to show the mayor was
not in the city at the time this ordinance was approved,
and for that reason the proof was insufficient to show any
authority in Furth to act.    The charter provided that dur-
ing the temporary absence of the mayor of the city, or if
he was from any reason unable to act, the council should
elect one of their own members acting mayor, and there-

upon the acting mayor should transact all the duties of said office during said temporary absence or disability. Respondent urges in this connection that there should have been proof of the mayor's disability or inability to act at said time by reason of his absence or otherwise. It appears that Furth had served as acting mayor from time to time since his election down to and including the time of the passage and approval of this ordinance. The proof is not entirely clear as to whether the regular mayor was absent from the city during all this time, nor is there any proof to show that he was incompetent or unable to act for any other reason. But we think that there was sufficient proof, *prima facie*, to show authority in Furth to approve the ordinance as acting mayor.

A further point is made by the respondents that the judgment should be affirmed, whatever view we may entertain of the preceding matters, on the ground that there is no proof that a majority of the property owners residing along the line of said improvements had petitioned therefor, or that said improvements were authorized at a regular meeting of the city council, all the members present voting in the affirmative. The record of the meeting at the time this ordinance was passed states that the same was passed, and that several councilmen, naming them, voted in the affirmative, and that none voted against it. It does not affirmatively appear that all the members of the council were present, nor is it entirely clear that the proof which was offered established the fact that it was a regular meeting, but we think the proof tended to show that it was an adjourned meeting from a regular meeting; and the records showing the vote in favor of the ordinance, and not showing any against it, or that any other members were present at the time, we think it was *prima facie* sufficient to establish the fact that the ordinance was duly passed. *Chosen Freeholders v. State*, 24 N. J. Law, 718.

There are some presumptions in favor of such proceedings. Where, as in this matter, the record states that the ordinance was passed, it will be presumed to have been regularly passed in so far as the vote thereon is concerned. Generally, however, in proceedings of this kind to establish and enforce liens against property, there is no presumption in favor of their validity, and it is incumbent upon the city to show each and every necessary step to establish its claim. *Pittsburgh v. Walter*, 69 Pa. St. 365.

The judgment is reversed and the cause remanded for further proceedings.

ANDERS, C. J., and HOYT and DUNBAR, JJ., concur.

STILES, J. (*concurring*).— In my judgment the court is in error in its treatment of the case of *Wilson v. Seattle*, *supra*. It is correct in saying that the language used in that decision was unfortunate, for the proper ground of that decision was that in a case of *certiorari*, where nothing was presented but the record, the *court* could know whether there had been publication or not only from the record; and as that contained no proof of any publication the conclusion must necessarily be that there had been none. But *certiorari* was permitted in the *Wilson* case only because the property owner had no other way of preserving his rights, and the judgment resulted in setting aside the assessment, because the law had taken away the defense of the owner upon all but technical grounds. Here, however, the proceeding is a foreclosure, under the charter of 1886, and all defenses can be presented, and the whole matter adjusted upon an equitable basis; therefore the *Wilson* case has no application, and I concur in the result.