[No. 1984.  Decided February 20, 1896.]

MARTHA FOUTS, *Respondent*, v. THE CITY OF NEW WHATCOM *et al., Appellants.*

VACATION OF STREET — PAROL TESTIMONY TO SUPPLEMENT RECORD — SUFFICIENCY OF EVIDENCE.

It is competent to establish the giving of notice of an application for the vacation of a street by parol proof, when the records are silent on the matter of notice, but show the filing of the petition, that it was contested, and, after due consideration, granted.

Proof of the posting of notices, made by the person who posted them, is not overcome by the testimony of an interested party that he had not seen such notices and that he would have been likely to have seen them if they had been posted.

Appeal from Superior Court, Whatcom County.—
Hon. John R. Winn, Judge.  Affirmed.

*John H. Sargent*, and *Phil Gallaher*, for appellants.
*Bruce, Brown & Cleveland*, for respondent.

The opinion of the court was delivered by

Scott, J.—This action involves the right to a strip
of land which the plaintiff claims to own as a part of
an adjoining tract, while the defendants claim that it
is a street.  Judgment was rendered for the plaintiff.
A number of questions have been submitted for our
consideration, but we find it necessary to examine
only one of them.  It appears that some years ago,
and sometime after the plaintiff purchased the tract
which she claims included the tract in controversy,
and before the defendant town was incorporated as a
city, she applied to the county commissioners of said
county to vacate the alleged street covering the tract
in dispute and that her petition was granted, where-
upon she enclosed the same, and has been in posses-
sion thereof subsequently.  Appellants contend that
the proceedings to vacate said street were invalid on
the ground that it does not appear from the records
that notice was given of the making of said applica-
tion as required by law, and that the court erred in
admitting parol proof to establish the fact that such
notice was given, and also of the petition.  We do not
think this position is well taken.  The proof offered in
no sense contradicted the records, for the records
were silent as to the giving of the notice.  It showed
the filing of the petition, and the fact that one Utter
appeared, and contested the granting of the same, and
that an adjournment was taken to a subsequent term,
when it was taken up for consideration and granted.

The proof of the petition was immaterial as the record showed what it was for. Regularly, proof of the giving of the required notice should have been preserved at the time and made a matter of record, but the statute does not in terms require it to be done, and any competent proof was admissible. *Seattle v. Doran,* 5 Wash. 482 (32 Pac. 105, 1002).

Further contention is made by appellant that the proof is insufficient to establish the giving of such notice, but this is not well founded. Direct proof of the posting of notices as required by the statutes was made by the plaintiff by the testimony of the person who posted them, and the only contradictory proof offered was by one of the interested parties who appeared to contest the granting of the petition, and this was simply to the effect that he had seen no such notices, and would have been likely to have seen them if the same had been posted as claimed. It does not appear, however, that this party, who appeared and resisted the petition made any objection thereto at the time on the ground that notice had not been given as required by law, and we think the proof was sufficient to warrant the court in finding that the required notice had in fact been given, and the judgment is affirmed.

DUNBAR, GORDON and ANDERS, JJ., concur.

HOYT, C. J., dissents.