[No. 7363. Decided July 23, 1908.]

A. A. MACK et al., *Appellants*, v. HOWARD B. DOAK, *as Sheriff of Spokane County et al., Respondents.*[1]

CHATTEL MORTGAGES—FORECLOSURE—SEIZURE BY SHERIFF—AUTHORITY—NOTICE—CONVERSION. Under Bal. Code, § 5872, providing that the notice of a chattel mortgage foreclosure shall be sufficient authority for the sheriff to take possession of the property, a sheriff is not guilty of conversion in seizing the mortgaged property under a proper notice and proceedings complying with the statute, although against the protests and objections of the mortgagors, where the mortgagors did not contest the amount due or take any steps to secure a transfer of the foreclosure to the superior court, pursuant to Bal. Code, § 5876.

Appeal from a judgment of the superior court for Spokane county, Warren, J., entered January 23, 1908, in favor of the defendants, upon the pleadings and plaintiffs' opening statement to the jury, dismissing an action for conversion. Affirmed.

*J. F. Blake* and *Harris Baldwin*, for appellants.

*R. M. Barnhardt, Geo. A. Lee*, and *W. W. Tolman*, for respondents.

CROW, J.—Action by A. A. Mack and Frank Davis, copartners as Mack & Davis, against Howard B. Doak, as sheriff of Spokane county, and the National Surety Company,

[1]Reported in 96 Pac. 825.

a corporation, as surety on his official bond, to recover damages for the wrongful conversion of personal property. After plaintiffs' opening statement to the jury, the defendants moved the court for a judgment thereon and on the pleadings. This motion being sustained, final judgment was entered in favor of the defendants, from which the plaintiffs have appealed.

The only assignment of error is that the trial court erred in sustaining the respondents' motion and dismissing the action. The pleadings and opening statement show, that appellants were conducting a restaurant and saloon business in the city of Spokane; that they owned and were in the possession of certain furniture, fixtures, utensils, and other personal property which they used as an equipment in their business; that on May 22, 1907, they executed and delivered to the Continental Distributing Company, a corporation, a promissory note; that to secure its payment they also executed, in due and legal form, and delivered to the Continental Distributing Company their chattel mortgage on the personal property above mentioned; that claiming default in payment, the Continental Distributing Company, on July 6, 1907, instituted foreclosure proceedings by placing in the hands of respondent Howard B. Doak, as sheriff of Spokane county, a written notice which in all respects conformed to the requirements of Bal. Code, § 5871 (P. C. § 6536); that thereupon respondent as such sheriff served the notice and took possession of the personal property therein described, against the protest and objection of the appellants; that he thereafter took all steps required by the statute for the foreclosure of such mortgage by notice and sale; that at the foreclosure sale the property was purchased by the Continental Distributing Company; that the appellants' business was interrupted and destroyed, and that they claimed damages for the value of the property taken and for the loss of business profits.

There is no contention that, after the respondent sheriff had thus taken possession, the appellants or either of them took any action under Bal. Code, § 5876 (P. C. § 6541), to question the right of the mortgagee to foreclosure, to contest the amount claimed to be due, to cause the proceedings to be transferred to the superior court, or to obtain any order of injunction. The substance of appellants' contention seems to be that the sheriff had no authority, under the notice delivered to him by the .mortgagee, to seize the personal property against their objection and protest; that it was necessary for the mortgagee to resort to some action in the nature of replevin, to secure possession, and that the acts of the sheriff in forcibly seizing the property against appellants' protest was so wrongful and tortious as to render him and the surety upon his official bond liable to appellants for damages sustained. In other words, they contend that the notice mentioned in § 5871, *supra*, was not such process as would authorize the sheriff to seize the property, or protect him in making such seizure against their protest.

In support of this contention they cite and rely upon *McClellan v. Gaston*, 18 Wash. 472, 51 Pac. 1062. That case does not sustain them in their position. There a mortgagee commenced foreclosure by equitable action and delivered the complaint and summons to the sheriff for service. Without further authority or process, the sheriff forcibly seized possession of the personal property against the protest and objection of the mortgagor. This court sustained an instruction to the effect that, without the consent of the mortgagor, the sheriff had no right under the summons and complaint to seize the mortgaged property, as their only purpose was to notify the defendant of the commencement and pendency of the action. Had the plaintiff desired to obtain possession of the property without the consent of the defendant, it was obligatory upon him in such equitable action to procure other process for that purpose. He did not do so, and the sheriff for exceeding his lawful authority was held liable for conversion.

The foreclosure here involved was commenced and conducted by notice and sale in exact compliance with the requirements of Bal. Code, §§ 5870-5875 (P. C. §§6535-6540). Section 5870 provides that foreclosure may be made by notice and sale; § 5871 directs what the contents of the notice shall be, and § 5872 expressly provides that such notice shall be sufficient authority for the sheriff to take the property into his immediate possession. This provision makes the notice process sufficient to authorize the sheriff to seize the property without the consent of the mortgagor, and against his protest. Any other construction would render the statute ineffective. Section 5876, *supra*, provides a method by which the mortgagor may protect himself against an unauthorized foreclosure, or contest the amount claimed to be due. The appellants did not see fit to avail themselves of the provisions of this section, but permitted the foreclosure and sale to proceed without further protest or action upon their part, and thereafter commenced this action for damages. Under these circumstances, the sheriff was fully protected in all of his proceedings by the notice which had been delivered to him, and the appellants are not entitled to recover.

The judgment is affirmed.

RUDKIN, FULLERTON, and DUNBAR, JJ., concur.

HADLEY, C. J., and MOUNT, J., took no part.