ISIDOR KWILECKI v. Y. ALLEN HOLMAN,
Appellant.

**Division One, June 2, 1914.**

1. **APPELLATE JURISDICTION: Constitutional Question.** The
Supreme Court has appellate jurisdiction of a case which in-
volves a construction of the Constitution of the United States,
however small may be the amount of money involved.

2. **STATUTE OF ANOTHER STATE: Validity.** The Supreme
Court has power to decide, in a suit properly before it, the
validity of a statute of another State whose conformity to the
Constitution of the United States is drawn in question. But
it will not undertake to determine that such statute is out of
harmony with the constitution of the State enacting it where
the Supreme Court of that State had adjudged it to be valid.

3. ———: ———: **Attachment: No Service.** A statute of
another State, authorizing the seizure of the property of a
debtor, whether resident or non-resident, without either personal
service of the writ upon such debtor or notice to him by
publication, is not violative of the Constitution of the United
States. Constructive service is had upon the non-resident de-
fendant in the attachment suit by the legal seizure of his
property, and he is more likely to be informed of its seizure
by those in its actual possession than he would be by publica-
tion; and, hence, he is not deprived of his property without
due process of law.

Appeal from St. Louis City Circuit Court—*Hon.
Leo. S. Rassieur*, Judge.

AFFIRMED.

*Lloyd L. Adams* for appellant.

(1)   Where one claims through a judicial sale, the
jurisdiction of the court under whose decree the sale is
made can always be attacked.   Windsor v. McVeigh,
93 U. S. 282; Caffery v. Mining Co., 95 Mo. App. 174;
McCrory v. Hall, 104 Ga. 668.   (2)   The Constitu-
tion of the United States requires that all courts pro-

ceed to their final authoritative adjudications upon due notice, either actual or constructive, and after some opportunity to be heard is given. Otherwise their most solemn decrees and judgments are everywhere held to be without any binding or conclusive effect. U. S. Constitutional Amendments V and XIV; St. Louis v. Richeson, 76 Mo. 484; Windsor v. McVeigh, 93 U. S. 274; Brown v. Denver, 7 Colo. 305; Munn v. Corbin, 8 Colo. App. 113. (3) The question as to whether notice would be useless or useful does not affect the rule requiring that notice be given; as, for instance, in the cases of insane people and infants. Chase v. Hathaway, 14 Mass. 222; Eddy v. People, 15 Ill. 386. (4) It is not enough that the owners by chance have notice, or that they may as a matter of favor have a hearing. The notice required to be given must be an official act. Kuntz v. Sumption, 117 Ind. 1; Garvin v. Dausman, 114 Ind. 429; Baker v. Aultman & Co., 107 Ga. 341. (5) For due process of law the notice given must be some notice provided by law. The agency giving it must be some agency empowered by law to give an official notice. The law must provide for notice, otherwise proceedings thereunder are void. Brown v. Denver, 7 Colo. 311; Stewart v. Palmer, 74 N. Y. 183. (6) The seizure of property, in proceedings *in rem*, does not complete the jurisdiction of the Court, but such seizure must be supplemented by some form of notice. Windsor v. McVeigh, 93 U. S. 274; Woodruff v. Taylor, 20 Vt. 76. (7) The faith and credit given a judgment of another State depends upon whether it appears that the defendant was either personally within the jurisdiction of the State or was in some way subject to its laws and had legal notice of the suit. It is not enough to show that the judgment is valid in the State where it was rendered. Lafayette Ins. Co. v. French, 59 U. S. 406.

*McPheeters & Wood* for respondent.

Under the law of Georgia in an attachment of personal chattels in an action against a non-resident, the levy of the attachment takes the place of publication and no further publication is required. Albright-Pryor Co. v. Pacific Selling Co., 126 Ga. 498; Earle v. Sayre, 99 Ga. 617; Craig v. Fraser, 73 Ga. 250; Steers & Co. v. Morgan, 66 Ga. 557; Secs. 4510-4575, Ga. Code (1895).

## STATEMENT.

Plaintiff, who is a non-resident of the State, brought a suit before a justice of the peace against the defendant, who is also a non-resident, by attachment and garnishment issued thereon, which was served upon the Thomas E. Powe Lumber Company. The garnishee answered admitting it had possession of $309.65 belonging to defendant. An interplea was filed in the justice's court by an Alabama bank, but nothing further seems to have been done in that proceeding. On the trial of the attachment suit the justice of the peace gave judgment for defendant, from which plaintiff appealed to the circuit court. On the trial there, the plaintiff adduced testimony tending to show that he acquired title to the lumber at Climax, Georgia, on December 3d, at a sale under execution; that the execution was issued in an attachment suit filed against defendant at Bainbridge, Georgia, by A. A. Powell; that an affidavit was filed in that case by Powell, to the effect that defendant was indebted to him and was a non-resident of the State of Georgia; that a bond was filed, attachment writ issued, defendant's lumber at Climax, Georgia, was levied upon, a judgment rendered and the lumber sold under the execution to plaintiff for the sum of $75; that no notice of the suit was ever given to the defendant in the case, either by summons

Kwilecki v. Holman.

or by publication, and that under the statute of Georgia governing attachment suits, a non-resident defendant is not entitled to notice of a suit against him other than the legal seizure of his property before judgment and sale of his property.

Plaintiff introduced the deposition of one J. W. Brinson to the effect that as constable he had levied upon two piles of lumber near the railway at Climax, Georgia, under a writ of attachment in favor of one A. A. Powell against the defendant herein, issued by a justice of the peace of Decatur county, Georgia; that he afterwards sold the lumber at public sale under a writ of *fieri facias*, issued in the same court, to the plaintiff for the sum of $75, and delivered possession to him; that defendant had no actual notice of the sale. The writ introduced in evidence commanded the constable to attach and seize property of appellant, and a return thereon says, "I have this day levied upon 2 piles of lumber," etc. Plaintiff introduced the deposition of justice of peace at Bainbridge, Georgia, that on July 16, 1909, he issued a writ of attachment in a suit filed by A. A. Powell against appellant herein; that appellant never appeared to the suit, judgment was rendered therein and an order of sale made; that the attachment writ, affidavit, bond, return of levy, judgment entry and order of sale are all the records, and contain all the proceedings in the case. Plaintiff introduced the deposition of Will H. Krause that he was a lawyer and that the code of Georgia contains no requirement to give a non-resident defendant any notice or that he be served with a writ of attachment, either personally, by publication or in any other manner, in order to get judgment against his personal property within the limits of the State. The circuit court overruled the demurrer to the evidence upon which defendant stood, and rendered judgment in favor of plaintiff for damages in the sum of $250 with interest thereon from the date of the alleged conver-

sion, making a total of $268.45, from which this appeal is taken to this court for that defendant alleges that he was deprived of his property without due process of law and in violation of the United States Constitution.

## OPINION.

BOND, J. (After stating the facts as above.)— Although the amount in dispute in this case is far below the pecuniary limit of the jurisdiction of the St. Louis Court of Appeals within whose territorial jurisdiction the cause of action arose, the appeal was properly taken to this court since its consideration "involves the construction of the Constitution of the United States." The power of this court to decide, in a suit properly before it, the validity of an act of the Legislature of a sister State from the standpoint of its conformity to a provision of the Constitution of the United States, is well settled in reason and by authority. [Stoddart v. Smith, 5 Binn. (Pa.) l. c. 363.]

In the case cited a transitory action was brought in Pennsylvania, and the question involved was the constitutionality of the statute of the State of Maryland, upon which the title of the plaintiff to certain lots depended. The court said: "His title depends on the act of assembly; the act of assembly depends on the Constitution of the United States, which we are sworn to support. So that it is impossible to get at the merits of the case, without deciding on the act of assembly. Nor can our decision have the least effect on the independence of the State of Maryland, or on the validity of the act of assembly within the jurisdiction of Maryland. It only affects the cause before us; and if the courts of Maryland should differ with us in opinion, they will pay no regard to our judgment, except so far as it affects this cause."

But a different rule would apply if the question presented here related only to the validity of an act of a sister State as judged by its own Constitution, and did not involve the construction of the Constitution of the United States. For the decision of that question by the Supreme Court of the sister State would be controlling both in other states and in the Federal courts. [Fowler v. Lamson, 146 Ill. 1. c. 478; Fairfield v. County of Gallatin, 100 U. S. 1. c. 50.] In the latter case it is said: "It is the peculiar province of the Supreme Court of a State to interpret its organic laws, as well as its statutes, and it is the duty as well as the pleasure of this court to follow and adopt that court's interpretation."

There is nothing in the ruling of Chief Justice HOLMES of Massachusetts (now associate justice of the Supreme Court of the United States), to the contrary in Woodward v. Central Vt. Ry., 180 Mass. 599; for in that case it appeared that the statute of Vermont had not been passed upon by the Supreme Court of that State on the point of its disharmony with the Constitution of Vermont. The learned judge expressed regret that the question of the validity of its statute under its own Constitution had *not* been before the Supreme Court of Vermont and added: "But as it arises in a suit properly before us we must deal with it to the best of our ability, as our predecessors and the courts of other States have done in similar cases." [Citing cases.]

The Supreme Court of Georgia has affirmed the validity of the statutes of that State governing the maintenance of attachment suits tested by its own Constitution and by the Federal Constitution. [Pyrolusite Manganese Co. v. Ward, 73 Ga. 491; Smith v. Brown, 96 Ga. 274; McCrory v. Hlal, 104 Ga. 666.] The theory upon which that ruling was made is, that the fact of legal seizure of his property under the attachment writ is constructive notice to the owner,

in that he will surely learn of the official execution of that writ and thus be informed of the attachment suit against himself. And that this knowledge will come to him whether he be a resident or a non-resident— in the one case by his personal cognizance, and in the other by information from his representative in charge of the property from whose custody it was taken when seized under the writ. In order to have this effect, the service of the writ, whether upon lands or chattels, must be real and actual and by such a caption as they are susceptible of. It is not sufficient for the officer to make an entry of levy without more. [Albright-Pryor Co. v. Pacific Selling Co., 126 Ga. 1. c. 501; Tuells v. Torras, 113 Ga. 691; Baker v. Aultman & Co., 107 Ga. 339.]

## II.

In this case the title of respondent to the goods for conversion of which this suit was instituted, rests solely upon the validity of the judgment *in rem* rendered in the attachment proceeding brought in a justice's court in the State of Georgia; hence, the burden of establishing the jurisdiction of that tribunal to order the sale of the property is cast upon him.

The documentary evidence and the testimony of the levying officer tends to prove the regularity and validity of the issuance, the levy and legal seizure, and return thereof upon the writ, as well as the subsequent sale of the property and its purchase by respondent, and the delivery of possession to him.

Appellant adduced no evidence to the contrary, but predicates his entire defense upon the notion that the statutes of Georgia were violative of the Federal Constitution. We are unable to assent to that view. We concur in the reason to the contrary so well stated in the ruling of the Supreme Court of Georgia when that question was before it. We think, as that court thought, that constructive service was had upon the

non-resident defendant in the attachment suit in Georgia by the legal seizure of his property; that such a physical taking of it would be sooner ascertained by him than the information which might come from the chance of his seeing a foreign local publication.

The judgment is herein affirmed. All concur.