[No. 14592.  Department Two.  April 30, 1918.]

THE CITY OF EVERETT, *Plaintiff*, v. JAMES M.
McCULLOCH, *as Sheriff of Snohomish
County, Defendant.*[1]

LIENS—FORECLOSURE—SALE—TITLE—PARTIES CONCLUDED.  Where
the sheriff took a taxicab from the possession of a city by virtue
of notice and proceedings in foreclosure of a chattel lien thereon,
under Rem. Code, §§ 1104-1109, and the city failed to contest the
matter by removing the foreclosure to the superior court as it
might have done under the statute, it cannot claim that the fore-
closure sale is irregular or replevy the property from the sheriff
on account of irregularity or minor defects which should have been
determined by the superior court if the city claimed any interest in
the property.

Cross-appeals from a judgment of the superior court
for Snohomish county, Alston, J., entered July 24, 1917,
upon findings favorable to the plaintiff, in an action of
replevin, tried to the court.  Reversed.

*Wm. A. Johnson*, for plaintiff.
*Ogden & Clarke* and *Joseph Oakland*, for defendant.

MOUNT, J.—This action was brought by the city of
Everett to recover possession of a certain Ford taxicab
which was taken by the sheriff from the possession of
the police officers of that city.  On the trial of the case,
the court found that the value of the taxicab was $250;
that the only interest which the city had was the right
of possession during such reasonable time as might be
necessary to determine what disposition should be
made of the taxicab; and that the city had no authority
to confiscate the taxicab, other than to require the
owner to put up a bond conditioned that the taxicab
would not be used for the unlawful sale or disposal of
intoxicating liquor for the period of one year.  The

[1]Reported in 172 Pac. 863.

court concluded that the city was entitled to the return of the taxicab, and, in case return could not be had, to damages in the sum of $1. The city has appealed from that part of the decree awarding damages, and the defendant has appealed from that part of the judgment to the effect that the city was entitled to the possession of the taxicab.

The facts are as follows: In January, 1917, three persons brought the taxicab to the city of Everett. These persons escaped from the taxicab. Two of them were arrested and the other was never apprehended. Within the taxicab was found a large amount of bottled whiskey. The men who were arrested forfeited their bail and were never brought to trial. The cases are still pending in the police court of the city of Everett. Two months later, one A. D. Scott demanded the taxicab from the police department of the city of Everett, claiming that he had a chattel lien upon the taxicab for work previously done thereon. Delivery was refused, and he thereupon proceeded to foreclose his chattel lien by notice and sale under the provisions of §§ 1104 to 1109, Rem. Code. The sheriff took possession of the taxicab, served notice of sale upon the mayor, the commissioner of public safety, and the chief of police of the city of Everett, and on the 11th day of April the taxicab was sold at public auction. The proceedings for the foreclosure of the lien were not removed to the superior court of Snohomish county, but prior to the sale of the taxicab and on or about the 5th day of April, the plaintiff began this action against the defendant to recover possession of the taxicab.

This case is controlled by the case of *Mack v. Doak,* 50 Wash. 119, 96 Pac. 825. That was a case where property was mortgaged, and after the mortgage became due, the mortgagee proceeded to foreclose his mortgage. The mortgagors did not contest the foreclosure

in the superior court, but permitted the sheriff to proceed with the sale, as was done in this case. Thereafter the mortgagors attempted to recover damages for the wrongful taking of the property described in the mortgage. In that case we said:

"The foreclosure here involved was commenced and conducted by notice and sale in exact compliance with the requirements of Bal. Code, §§ 5870-5875 (P. C. §§ 6535-6540). Section 5870 provides that foreclosure may be made by notice and sale; § 5871 directs what the contents of the notice shall be, and § 5872 expressly provides that such notice shall be sufficient authority for the sheriff to take the property into his immediate possession. This provision makes the notice process sufficient to authorize the sheriff to seize the property without the consent of the mortgagor, and against his protest. Any other construction would render the statute ineffective. Section 5876, *supra,* provides a method by which the mortgagor may protect himself against an unauthorized foreclosure, or contest the amount claimed to be due. The appellants did not see fit to avail themselves of the provisions of this section, but permitted the foreclosure and sale to proceed without further protest or action upon their part, and thereafter commenced this action for damages. Under these circumstances, the sheriff was fully protected in all of his proceedings by the notice which had been delivered to him, and the appellants are not entitled to recover."

See, also, *Allen v. Morris,* 87 Wash. 268, 151 Pac. 827.

We think that rule is controlling in this case. Here the city attempts to maintain an action in replevin against the sheriff, who seized the property under the foreclosure proceeding and sold it by authority of that proceeding. The city now attempts to maintain that the sale was irregular because of some minor defects in the recording of the lien notice and the dates fixed for the sale; but these were matters which should have been determined by the superior court of that county, if the city claimed any interest in the taxicab. The city

did not seek that remedy, and it is now too late to claim ownership or the right of possession of the taxicab. The only interest which the city could possibly have in this taxicab, under the city ordinance, is the right to require a bond that the taxicab shall not be used for the purpose of sale of intoxicating liquors for a period of one year. The city apparently did not require that bond to be given prior to seizure by the sheriff. The trial court, therefore, should have dismissed the action.

The judgment is reversed, and remanded with direction to dismiss the action.

ELLIS, C. J., FULLERTON, CHADWICK, and HOLCOMB, JJ., concur.