[No. 22353. Department One. May 20, 1930.]

M. McElroy, *Respondent*, v. Puget Sound National Bank, *Appellant*.[1]

*Guy E. Kelly* and *Thomas MacMahon,* for appellant.

*Bates & Peterson, Charles Rickabaugh* and *Reuben C. Carlson,* for respondent.

Tolman, J.—This is an action brought by a receiver of an insolvent corporation to recover what is alleged to be an unlawful preference made in violation of our trust fund doctrine.

[1]Reported in 288 Pac. 241.

The complaint, after making the necessary formal allegations and alleging the insolvency of the corporation, avers that, while so insolvent and for the purpose of creating a preference, the corporation executed and delivered to the defendant bank a chattel mortgage upon more than $16,000 worth of personal property, and:

"That plaintiff is informed and believes, and upon such information and belief alleges, that said Puget Sound National Bank, by virtue of said chattel mortgage of which facts plaintiff has not sufficient information upon which to more fully allege, on or about the 23rd day of April, 1927, took possession of all of said personal property, and each item thereof and appropriated the same. That, subsequent to said 23rd day of April, 1927, said Puget Sound National Bank asported or removed or caused to be removed or asported, said personal property and each item thereof, to Pierce county, and now has said personal property in its possession, in said Pierce county, and claims ownership thereof.

"That said mortgaging of said personal property and said appropriation, asportation and removal of the same, constitutes and is an unlawful preference under the laws of the state of Washington, and said mortgage was given by said Philbrick & Nicholson, a corporation, to defendant, Puget Sound National Bank, a corporation, in defraud of the creditors of said Philbrick & Nicholson, Inc., a corporation, and if the same is permitted and allowed to stand, and if said appropriation and possession and said claim of ownership of said personal property by said Puget Sound National Bank, a corporation, is not set aside adjudged fraudulent and void, and all proceedings whereby or whereunder, or by virtue of which said Puget Sound National Bank now claims the ownership or possession of said personal property, be adjudged fraudulent and void, in fraud of all the creditors of said Philbrick & Nicholson, Inc., a corporation, said Puget Sound National Bank, a corporation, will obtain and receive a greater proportion of the assets and property of said

insolvent corporation, Philbrick & Nicholson, Inc., than has been or will be received by other creditors of the same class."

The prayer includes:

"WHEREFORE plaintiff prays that said mortgage of the personal property above described of said Philbrick & Nicholson, Inc., a corporation, to defendant, Puget Sound National Bank be canceled, set aside and held for naught; that all proceedings in court or otherwise had, or exercised by said Puget Sound National Bank, a corporation, by virtue of said mortgage be declared void."

In its answer, the defendant bank alleges that it foreclosed the chattel mortgage referred to and purchased the property covered thereby at sheriff's sale, which allegation is admitted by the reply.

The action was tried to the court, resulting in findings favorable to the plaintiff, among which the following appear:

"That on or about the twenty-third day of April, 1927, and before there had been appointed a receiver herein, the defendant bank, together with the other banks above mentioned interested in said indebtedness, well knowing of the insolvent condition of said Philbrick & Nicholson, Inc., a corporation, and well knowing that said chattel mortgage was void as to other creditors of said corporation and well knowing that the same was executed and delivered in fraud of the rights of the other creditors of said Philbrick & Nicholson, Inc., a corporation, attempted to foreclose the chattel mortgage in Clallam county, state of Washington, where said personal property was situated, and thereafter the said defendant bank on its own behalf and behalf of the other banks above mentioned foreclosed its said chattel mortgage in Clallam county, and thereafter took possession of said personal property, under the sheriff's bill of sale thereof and removed the same to Pierce county, Washington, and claims ownership thereof."

And, as a conclusion of law, it was held:

"Plaintiff is entitled to judgment canceling and setting aside said mortgage executed by Philbrick & Nicholson to the defendant, Puget Sound National Bank, and decreeing that all proceedings thereunder are void and should be set aside and held for naught; and that the property remaining in the hands of the said defendant bank be decreed to be the property of the plaintiff receiver. . . ."

A judgment, in harmony with the finding and conclusion quoted, followed in due course, and from that judgment the defendant has appealed.

The evidence discloses that the foreclosure of the chattel mortgage was by the statutory notice and sale, the proceedings being regular upon their face; and the principal contention here advanced is that such foreclosure is *res judicata*. In support of this position, appellant cites *Mack v. Doak*, 50 Wash. 119, 96 Pac. 825; *Allen v. Morris*, 87 Wash. 268, 151 Pac. 827; *Everett v. McCulloch*, 102 Wash. 51, 172 Pac. 863; *Payne v. White Swan Auto Co.*, 126 Wash. 550, 219 Pac. 32.

The first three of these cases hold simply that a foreclosure by notice and sale, when no removal to the superior court is had, is binding and *res judicata* as to the mortgagor. None of them reach what we conceive to be the question here. The *White Swan Auto Co.* case holds that a chattel mortgage given without consideration by an insolvent corporation is voidable as to the creditors of the corporation, and that, when such a mortgage has been foreclosed by notice and sale, being voidable only, the sale cannot be collaterally attacked.

Respondent seems to invite us to hold that a chattel mortgage given by an insolvent corporation in violation of the trust fund doctrine is void *ab initio* rather than voidable only, but since it takes evidence *de hors* the record to establish the facts, which evi-

dence may never be produced, we do not feel justified in holding that such a chattel mortgage, until the necessary evidence is produced in a proper proceeding, is anything more than voidable.

The real question here then is whether this proceeding is a direct attack upon the mortgage and the procedure by which it was foreclosed, or is it a collateral attack as to such procedure? One of the methods of directly attacking a judgment, which is as old as the common law, is by bill in equity. *Peyton v. Peyton,* 28 Wash. 278, 68 Pac. 757; *State ex rel. Post v. Superior Court,* 31 Wash. 53, 71 Pac. 740; *Chehalis Coal Co. v. Laisure,* 97 Wash. 422, 166 Pac. 1158.

We have set forth the allegations of the complaint at some length, from which it very clearly appears that the pleader had no actual knowledge of the foreclosure, but relied upon the facts alleged to set aside the mortgage "and all proceedings whereby or whereunder or by virtue of which said Puget Sound National Bank now claims the ownership," etc.; and in the prayer for relief it is demanded "that all proceedings in court or otherwise had, or exercised by said Puget Sound National Bank, a corporation, by virtue of said mortgage be declared void." Certainly the party made defendant upon whom this complaint was served was thus clearly advised that the pleader sought to have the mortgage and all judicial proceedings had thereunder declared to be void and set aside.

We think under our liberal rule for the construction of pleadings this must be held to be a direct attack upon the foreclosure and sufficient as such.

It is next urged that, in any event, appellant was acting in good faith and should be allowed all of its disbursements expended in taking, caring for, repairing, storing and selling the personal property involved. We cannot agree that the bank was acting in

good faith as the law defines that term in such a transaction as this. The evidence abundantly establishes that the bank well knew, or should have known, of the insolvency of the mortgagor when it took the mortgage, and it was bound to know the law applicable, hence, it proceeded at its peril.

Appellant claimed an outlay of upwards of $2,000, of which the trial court allowed it $1,146.18, covering items of taxes, storage, repairs, and the like, which would have been lienable against the property. We think the allowance made is fully as favorable to appellant as is permissible. There being no cross-appeal, we have not considered the question of whether appellant, by wrongfully taking the property, placed itself in a position where it was not entitled to recover even what was spent in preserving and protecting the property involved.

The judgment appealed from is affirmed.

MITCHELL, C. J., PARKER, BEALS, and MILLARD, JJ., concur.