JOHN REISAN *vs.* A. W. MOTT.

November 19, 1889.

42   49
43   430
42   49
45   337
42   49
73   506

**Malicious Prosecution—Declarations of Officer making Arrest.**— An officer, in executing a warrant of arrest in a criminal proceeding, does not act as an agent of the person upon whose complaint the proceeding was instituted, and his declarations are not admissible to bind such person.

**Same — Malice not Imputable to Principal from Facts known to Agent.**—The rule that a principal is affected by notice to or the knowledge of his agent does not justify a legal imputation of actual malice in the conduct of a principal merely because of facts known only to his agent.

**Same—Evidence—Damages.**—In an action for a malicious prosecution, the condition of the plaintiff's family is not to be shown, for the purpose of affecting the amount of general damages.

**Same — Fraudulent Disposal of Mortgaged Property — Evidence. —** Such prosecution being for an alleged fraudulent disposal of mortgaged chattels, the fact that the accused (plaintiff) had a large amount of property may be shown, as bearing upon the question whether the defendant had reasonable ground to believe that the plaintiff had disposed of the mortgaged property with fraudulent intent.

**Chattel Mortgage — Lien for Expense in Attempting to Obtain the Property.**—In view of our statute, and the terms of a chattel mortgage authorizing the mortgagee to retain from the proceeds of the mortgaged property a specified attorney's fee, and such other expenses as may have been incurred, the mortgagee may charge the reasonable and necessary expense of proper efforts (although unsuccessful) to take possession of the mortgaged property, and the mortgage may be enforced to satisfy such sum, notwithstanding a tender of the bare debt. The attorney's fee is not chargeable if there has been no foreclosure.

Appeal by defendant from an order of the district court for Polk county, *Mills,* J., presiding, refusing a new trial.

*Phelps & Calkins,* for appellant.

*P. C. Schmidt* and *H. Steenerson,* for respondent.

DICKINSON, J.  This is an action to recover damages for a criminal prosecution of the plaintiff instituted by the defendant Mott, maliciously and without probable cause, as the plaintiff claims. The offence charged by the defendant's complaint in the criminal proceed-

ing was the disposal of mortgaged personal property contrary to the provisions of our penal statute upon that subject. For the purposes of the present opinion the following may be considered as facts occurring prior to the commencement of this action, and admitted or supported by the evidence in this case: The plaintiff had executed to the defendant a mortgage upon two cattle to secure an indebtedness of $25, of which $10 was afterwards paid. The remainder of the debt being unpaid and due, the defendant Mott placed the mortgage in the hands of an attorney for enforcement. Two persons were, with the knowledge of Mott, twice sent to take the mortgaged property. There was evidence tending to prove that they could not find the property, and that they so reported to him; but it would also have justified the conclusion that they had no sufficient reason to believe that the property had been disposed of. The defendant sought to justify his conduct in instituting the criminal prosecution and arrest of the plaintiff by showing the information communicated to him by these agents. There was a verdict for the plaintiff for $900. This is an appeal from an order refusing a new trial.

At the trial the plaintiff was allowed to prove that when the constable executed the warrant of arrest, he said to the plaintiff that "if he did not pay the whole amount he would arrest him;" this language as to the amount probably referring to a sum larger than the debt then due, which the defendant's attorney had demanded as the amount of the mortgaged debt, with expenses incurred in sending for the property, besides attorney's fees. This evidence was subject to the objection made, and should not have been received. There was no evidence that the defendant had instructed or authorized the constable to make any demand or to forbear making an arrest if payment should be made. The constable, in the discharge of the duty enjoined in his warrant, was acting as the officer of the law in a criminal proceeding. The defendant had no authority to control his action, or to modify the command embodied in the warrant, and it is not to be presumed, without proof, that he assumed to do so. The erroneous evidence cannot be regarded as harmless. It bore directly upon the issue of malice, and may have affected the amount of the recovery.

The court instructed the jury, in effect, that the defendant Mott was chargeable with whatever knowledge his agents, who went after the property, may have had. This was an erroneous charge, as applied to the matters in issue in this case; and so the court below afterwards considered, although for other reasons a new trial was refused. The rule that the knowledge of an agent is legally imputable to the principal has no application here, the issue being as to whether the defendant's prosecution was inspired by actual malice, and without justifiable reasons. If the defendant's agents had actually known that the property had not been disposed of, the defendant would not have been liable in this action for malicious prosecution, if he instituted the prosecution in good faith, and with due caution, believing that the offence had been committed, and acting upon grounds which justified that belief. Actual malice implies a wrongful purpose or intent in the mind of the person whose conduct is in question. It is not to be conclusively presumed or legally imputed to him merely because of the mental condition or the knowledge of another person, however related to him. The court below, however, considered that this error did not justify granting a new trial, for the reason that, as he considered, the undisputed evidence conclusively showed malice. Malice is a question of fact for the jury, and, as we think, while the case would have certainly justified the jury in the conclusion that the defendant's conduct was malicious, it did not so conclusively establish that fact as to have warranted the court in taking the question from the jury. Although the plaintiff told Mott that he still had the cattle, and tendered payment of the debt, it cannot be stated as a legal conclusion, from the whole case, that Mott did not believe that the offence charged had been committed, or that the information he had received did not justify such belief.

The evidence received as to the plaintiff's family seems to us to have been immaterial and irrelevant. No special damages to which such evidence could be relevant were pleaded. The fact that his wife was dead, and that he had four children to support, could not legitimately affect the amount of general damages to be awarded under the circumstances of this case.

The evidence as to the amount of property owned by the plaintiff

was proper, as bearing upon the question whether the defendant had reasonable ground to believe that the plaintiff had disposed of the mortgaged property with intent to defraud, such intent being necessary to constitute a crime.

The refusal of the court to admit certain evidence, and to give a requested instruction, presents the question whether the mortgagee was entitled to hold and enforce the mortgage for the satisfaction of not only the debt, but the reasonable and necessary expense incurred in sending to take possession of the property, (although it was not found,) as well as the attorney's fee stipulated in the mortgage; and whether a tender of the bare debt after such expense had been incurred was sufficient. The statute (Gen. St. 1878, c. 39, § 9) prescribes that redemption may be made from chattel mortgages by paying the sum due, and "all reasonable and lawful charges and expenses incurred in the care and custody of the property, or otherwise arising from the mortgage." In *Ferguson* v. *Hogan*, 25 Minn. 135, it was considered that a stipulation in a mortgage for the payment of the "expenses for the sale and keep of said property" was substantially equivalent to the statutory provision above referred to, and included the expense of taking the property. The mortgage now before us authorized the mortgagee, upon default, to take and hold or sell the mortgaged property, "retaining such amount as shall pay the aforesaid note, with interest thereon, and an attorney's fee of $10, and such other expenses as may have been incurred, returning the surplus," etc. If the defendant had succeeded in finding and taking the property, he might have held and enforced his mortgage for the satisfaction of the debt, and of the necessary expense of such taking. The taking of the property is a proper step in the proceedings for the enforcement of the mortgage, and the proper expense of it is authorized, both by the statute and by the mortgage, to be charged as a sum to be satisfied under the mortgage; but, as we think, the expenses thus chargeable are not limited to such only as are incurred in such efforts to take the property as are immediately *successful.* And even if proper efforts to gain possession wholly fail, without fault of the mortgagee, the expense is chargeable, so that the mortgagor cannot thereafter satisfy the obligation for which the mortgage is held and

is enforceable by tendering payment of the bare debt, without such expenses. If the efforts of the defendant to take the property were reasonable and necessary, as a means of availing himself of his right of possession, although his agents failed to get the property, the plaintiff could not avoid the effect of the mortgage lien by a tender which did not include that. Whether a personal obligation for the expenses was created against the mortgagor is another matter. But this we need not consider. The $10 stipulated as attorney's fee was intended to cover all the charges of an attorney in the foreclosure of the mortgage, and as it was never foreclosed that sum was never chargeable. The first request to charge on the part of the defendant was erroneous. The charge of the court upon the subject was sufficient. The sixth request was also properly refused, for the reason that it eliminates all questions as to the existence of probable cause.

Order reversed.