BERETH MJONES *vs.* YELLOW MEDICINE COUNTY BANK.

February 13, 1891.

Contract.—A particular contract construed.

Mortgage—Attorney's and Printer's Fees, when Accrued.—A mortgagee in a mortgage of real estate containing a power of sale, and which contained a stipulation for attorney's fees in case of foreclosure, placed it, after the right to foreclose accrued, in the hands of an attorney for foreclosure, who drew the notice of sale, and it was set in type by the printer. *Held,* that the value of the attorney's services within the limit in the mortgage, and the cost of setting the notice in type, became chargeable as part of the mortgage debt, so that the mortgagor could not stop the foreclosure by paying the mortgage without paying them.

Plaintiff brought this action in the district court for Chippewa county, to enjoin a mortgage foreclosure and to have the mortgage and the record thereof cancelled, the complaint alleging tender of the mortgage debt and interest. The action was tried by *C. L. Brown,* J., (acting for the judge of the 12th district,) who ordered judgment for defendant. The plaintiff appeals from an order refusing a new trial.

*Budd & Moyer* and *Geo. E. Budd,* for appellant.

*Smith & Fosnes,* for respondent.

GILFILLAN, C. J.[1] On the 27th day of December, 1887, the plaintiff was the owner of certain real estate, subject to the lien of a mortgage executed by herself and husband to one Pike for $350, due October 24, 1889; and, being indebted to one Stoppe in the sum of $201.74, they executed to him two promissory notes,—one for $41.74, due October 24, 1888, and one for $160, due October 24, 1889, — and to secure the same executed to him their mortgage on the real estate. The mortgage contained the usual power of sale, authorizing the mortgagee, in case of default "in the payment of said sum of money, or the interest, or the taxes, or any part thereof, at the time or in the manner hereinbefore or hereinafter

[1] Vanderburgh, J., took no part in this case.

specified for the payment thereof," to sell the mortgaged premises, and out of the proceeds retain the principal and interest then due on the note, and all taxes on the land, together with all costs and charges, and the sum of $25 as attorney's fees. At the same time with the execution of the mortgage, and as an inducement to the mortgagors to execute it, Stoppe, the mortgagee, executed an instrument agreeing "that, when the mortgage upon said premises prior to the one above mentioned [that to Stoppe] shall become due, I will allow a renewal of such first mortgage, and for that purpose will release the mortgage of this date, subject to the condition that the mortgage due to me is reinstated by the execution of a new one securing to me a second mortgage lien of equal value as a lien to the one I now hold. That is, I agree to allow a first mortgage upon said premises prior to mine to secure the sum of three hundred and fifty dollars, and no more; and, in case of the renewal of such prior mortgage, will release my mortgage so as to secure to any other party a first mortgage lien in place of the one now covering said premises. This is subject, however, to the condition that, if any judgments or other liens should exist against said premises, such judgments or other liens must be paid or discharged before any such release is had, so as to secure to me a first claim against said premises, subject only to a mortgage for the sum of $350." Appellant claims that this agreement so modified the terms of the mortgage to Stoppe that no part of the debt secured came due before October 24, 1889, or, at any rate, so that no foreclosure could be made before that date, even for the $41.74, which, by the express terms of the note and of the mortgage, was to become due October 24, 1888. The debt to Stoppe became due, part of it October 24, 1888, the remainder, October 24, 1889. The prior mortgage became due on the latter date. In view of these facts, the meaning of the agreement is obscure; the terms not precise and definite. They are too indefinite to overcome the explicit terms of the mortgage itself, by which terms a part of the mortgage debt became due, and the right to foreclose for it accrued, October 24, 1888. The terms of the agreement are so wanting in precision that, if possible, their meaning must be held in harmony with the express and unambiguous terms of the mortgage. Construing it

in that manner, its purpose seems to have been to secure to plaintiff the right to renew the prior mortgage when it became due, to wit, on October 24, 1889, and to retain in behalf of the renewal mortgage the same priority of lien which the original had over what might remain of the Stoppe mortgage. Of course, if the prior mortgage were not renewed, nothing would be necessary to preserve its priority of lien. But it was not the intention to provide that the entire sum secured by the Stoppe mortgage should remain till that time; that plaintiff might not pay the first instalment, or Stoppe might not insist on its payment, or resort to the mortgage remedy to compel its payment, when by the terms of the mortgage it became due. It was in plaintiff's power to prevent a foreclosure for that instalment by paying it. This being so, the right of foreclosure existed when the defendant, the assignee of Stoppe, placed the mortgage in the hands of an attorney to be foreclosed, and the notice of sale was drawn, and set up in type by the printer. The value of the attorney's services within the limit in the mortgage, and the cost of setting up the notice by the printer, being expenses *bona fide* incurred, were properly chargeable as costs incurred in the exercise of the power of sale, and as a part of the mortgage debt, so that the mortgage could not be satisfied without paying them. The plaintiff's tender, not including these costs, was insufficient. *Reisan* v. *Mott*, 42 Minn. 49, (43 N. W. Rep. 691.)

Order affirmed.