[No. 9013.    Department One.    February 14, 1911.]

T. J. Donaldson *et al.*, *Respondents*, v. Maggie M. Winningham *et al.*, *Appellants.*[1]

Depositions—Commission.  Where a commission to take a deposition proves abortive, by reason of the refusal of a witness to sign a stenographic report, a second commission may be sued out.

Insane Persons—Guardians — Application — Notice.  Notice of application to appoint a guardian for an insane person is properly served on her personally and on the person having her in charge at a hospital.

Same—Notice—Time—Computation.  A notice of application for the appointment of a guardian of an insane defendant, served February 20, to be heard March 2, is served not less than ten days before the time of hearing, within the rule that the first day be excluded and the last day be included in the computation.

Same—Service of Notice—Process.  Notice of application for the appointment of a guardian for an insane person may be served by a private person.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 12, 1910, in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to quiet title.  Affirmed.

*John H. Allen*, for appellants.

*H. E. Foster*, for respondents.

Fullerton, J.—This cause was before this court in 48 Wash. 374, 93 Pac. 534, 125 Am. St. 937, and again in 54 Wash. 19, 102 Pac. 879.  On the first appeal we held that the only question open to the appellant was whether she had been properly served with notice of the application for the appointment of a guardian of her person and estate while she was confined in the hospital for the insane, and a new trial was ordered with direction to admit evidence upon that question.  After the cause was remanded,

[1]Reported in 113 Pac. 285.

evidence was taken upon the question suggested by deposi-
tions, and on the second appeal it was held that the proceed-
ings had in taking the depositions were so far irregular as to
require their exclusion, and the cause was remanded for fur-
ther proceedings.   On the remand of the case, depositions
were again taken on the disputed question.   The procedure
had in taking these last depositions is questioned on this
appeal.

It appears that a commission was sued out to take the
deposition of a certain Dr. Van Zandt; that at the time and
place appointed for taking the deposition, the parties ap-
peared and stipulated that the questions and answers should
be taken in shorthand by a stenographer, and afterwards
transcribed in longhand by him, when they should be signed
by the doctor.   The deposition was so taken and so trans-
cribed, but when it was presented to the doctor he discovered
so many errors in it that he refused to sign it.   The respond-
ent thereupon sued out another commission under which the
deposition was regularly taken.   This last commission was
issued over the objection of the appellant, and she now in-
sists that the court erred in issuing it.   But we are clear no
error was committed in this behalf.   There is no prohibition
in the statute against issuing a second commission to take
the deposition of a party when the first proves abortive, and
plainly the interest of justice requires such a course.

On the question of the service of the notice, a number of
objections are made.   It is insisted first that the proofs were
not sufficient, but on this question we think the proofs ample
to show a service in strict compliance with the statute.   Ac-
cording to the attendants at the asylum, the notice was ser-
ved both upon appellant personally and upon the person hav-
ing her in charge.

Next it is said that the time of service was too short.   The
statute provides (Laws 1903, p. 242), that when an applica-
tion is made for the appointment of a guardian for an in-
sane person, the court shall cause notice thereof to be given

such insane person of the time and place of hearing the application, "not less than ten days before the time so appointed." In this instance the time appointed for hearing the application was March 2, 1905, and the notice was served on the insane person and upon the person having her in charge, on February 20, 1905. By excluding the first day and including the last in the computation, according to the rule of the statute, the service was made "at least ten days before" the time of the hearing.

The third objection is that the service was void because made by a private party and not an officer of the law empowered by statute to make service, but the procedure taken is authorized by statute. It is provided by the statute that the laws of the state of Washington, "relating to the manner of service of summons" shall apply to the service of the notice therein provided for. A summons may be served by a private party, and we think the legislature meant to allow notices to be likewise served, even though the language used, technically construed, would seem to require a more narrow interpretation.

The other objections to the guardianship proceedings seem to us to suggest matters of error rather than jurisdictional questions. As such they cannot be considered in this form of action.

The judgment is affirmed.

PARKER, GOSE, and MOUNT, JJ., concur.