[No. 10176.  Department Two.  June 15, 1912.]

JAMES B. WOODWARD, *Appellant*, v. HERMAN LUTSCH *et al.*, *Respondents.*[1]

CHATTEL MORTGAGES—DEFAULT—FORECLOSURE—DECLARING WHOLE DEBT DUE. A provision in a chattel mortgage that the mortgagee could take possession upon default in any payment, and immediately proceed to sell in the manner provided by law and pay the amounts provided in the notes, authorizes a foreclosure for the whole amount due when any part becomes due; and seizure on notice of sale is a sufficient declaration of intent to declare the whole debt due.

SAME—DEFENSES—TENDER—SUFFICIENCY. After seizure of mortgaged chattels and commencement of foreclosure, a tender must include accrued costs, including a reasonable attorney's fee stipulated for in the mortgage.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered September 30, 1911, upon findings in favor of the defendant, in an action to restrain the foreclosure of a chattel mortgage. Affirmed.

*Gill, Hoyt & Frye*, for appellant.

*Peterson & Macbride*, for respondents.

MOUNT, J.—The plaintiff was indebted to the defendant Herman Lutsch upon three promissory notes; one for $1,000, due June 12, 1911; one for $1,000, due December 12, 1911; and one for $500, due May 31, 1912. These notes were secured by mortgage upon personal property. After the first named note became due and was not paid, the defendant Lutsch proceeded by notice under the statute to sell the mortgaged chattels in satisfaction of all three of the notes. After the sheriff had taken possession of the mortgaged property, the plaintiff brought this action to restrain the sale, alleging that the sum of $1,000 only was due on the notes, and that a tender of this sum had been made. The defendant for answer to the complaint denied that any tender had

[1]Reported in 124 Pac. 393.

been made, and by cross-complaint set out the notes and mortgage; and alleged that, by reason of improper conduct of plaintiff in the management of the mortgaged property, the debt was about to become insecure and the value of the property about to become worthless, and also that the plaintiff had refused to pay one of the notes, and therefore the . defendant elected to declare the whole debt due. The prayer was for a judgment for the amount of. the notes, with interest, and a reasonable attorney's fee alleged to be $250. The plaintiff, for answer to the cross-complaint, denied that defendant Lutsch was entitled to any attorney's fee, denied that the notes were due, and also pleaded a tender. The case was tried upon these issues, and the court entered a decree in favor of the defendant Lutsch for the full amount of the notes, with interest and costs and $200 attorney's fees. The plaintiff has appealed.

When the case came on for trial, the plaintiff moved for a judgment on the pleadings, which motion was denied. After judgment, the plaintiff moved for a new trial, upon the ground of error of law and insufficiency of the evidence. This motion was also denied. These two rulings of the court are the only errors assigned upon this appeal. Appellant argues that there is no allegation in the answer or cross-complaint that the defendant had given notice of his intention to declare all of the notes due, and therefore the motion for judgment on the pleadings should have been sustained. The answer does not directly so allege, but it sets out the notes and the mortgage, which contain a provision as follows:

"It is also agreed that if the mortgagor shall fail to make any payment as in said promissory notes provided, then the mortgagee may take possession of said property, using all necessary force to do so, and may immediately proceed to sell the same in the manner provided by law, and from the proceeds pay the amount in said notes provided, together with an attorney's fee of a reasonable amount."

This provision was sufficient to warrant a foreclosure of the

mortgage for the whole amount due when any part of the debt became due. *Bartlett Estate Co. v. Fairhaven Land Co.*, 49 Wash. 58, 94 Pac. 900, 126 Am. St. 856, 15 L. R. A. (N. S.) 590. The seizure of the property on notice of sale was a sufficient declaration of defendant's intention to declare the whole debt due.

It is next argued that the court erred in refusing the new trial because a tender had been made of the amount due on the first note. This tender, if any was made at all, was made after the commencement of the foreclosure by notice and sale. A tender at that time to be sufficient must have included the reasonable cost incurred, including a reasonable attorney's fee, because the mortgage so provided. *Reisan v. Mott*, 42 Minn. 49, 43 N. W. 691; *Mjones v. Yellow Medicine County Bank*, 45 Minn. 335, 47 N. W. 1072. It is not claimed that the amount tendered included any accrued costs in the foreclosure proceeding. The tender, if made at all, was therefore insufficient. *Thomas v. Seattle Brewing & Malting Co.*, 48 Wash. 560, 94 Pac. 116, 125 Am. St. 945, 15 L. R. A. (N. S.) 1164.

There is no error and the judgment is therefore affirmed.

DUNBAR, C. J., ELLIS, MORRIS, and FULLERTON, JJ., concur.