[No. 12551.  Department One.  September 17, 1915.]

WILLIAM R. ALLEN, *Appellant*, v. THOMAS N. MORRIS, *as Sheriff of Pierce County, Respondent.*[1]

APPEAL—REVIEW—NEW TRIAL—WAIVER.  Failure to appeal from an order granting a new trial forecloses any review thereof.

CHATTEL MORTGAGES—FORECLOSURE—BY NOTICE—ELECTION TO MATURE DEBT—EFFECT—STATUTES.  A chattel mortgage that is made due by the election of the mortgagee, upon deeming himself insecure, pursuant to an express provision to that effect and Rem. & Bal. Code, § 1112, may be foreclosed by statutory notice, without proceeding by action under Id., §§ 1104 and 1109; in view of the fact that the mortgagee is liable for arbitrary action and that the mortgagor has his remedy by removal of the proceedings to the superior court, under Id., § 1110.

SAME—FORECLOSURE—NOTICE—ELECTION TO MATURE DEBT.  A statutory notice for the foreclosure of a chattel mortgage containing a declaration of the amount due, fair on its face, is a sufficient notice to warrant an officer in taking possession, unless challenged in the way provided by statute, without reciting that the mortgagor deems himself insecure, authorizing an election to hasten maturity of the debt; seizure of the property being sufficient notice of such intention.

SAME—FORECLOSURE—NOTICE—AMENDMENT—LIABILITY OF OFFICER—NOMINAL DAMAGES.  In case a sheriff takes possession of mortgaged chattels under a defective notice of foreclosure, a second sufficient notice, placed in his hands on the same day while the goods were in his possession, will be held to be an amendment of the first notice, or to minimize the mortgagor's damages for the trespass to nominal damages only.

SAME—FORECLOSURE—NOTICE—SERVICE.  Rem. & Bal. Code, § 1106, providing that "such notice" (of foreclosure of a chattel mortgage) shall be placed in the hands of the sheriff and shall be sufficient authority for the officer to take the property into his "immediate possession," refers to the mortgagee's original notice or warrant to the sheriff to foreclose the mortgage, and not to the notice to be served on the mortgagor, in view of Rem. & Bal. Code, §§ 1106, 1107, providing for notice to the mortgagor to follow seizure.

TIME—COMPUTATION—"NOT LESS THAN"—CHATTEL MORTGAGES—NOTICE OF SALE.  The statute requiring a notice of "not less than"

[1]Reported in 151 Pac. 827.

ten days of a chattel mortgage foreclosure sale is complied with by a notice on September 27th fixing the sale on October 7th; in view of Rem. & Bal. Code, § 150, providing that the time within which an act is to be done shall be computed by excluding the first day and including the last.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered March 11, 1914, upon findings in favor of the defendant, in an action for conversion, tried to the court. Affirmed.

*Sachse & David* (*Huffer & Hayden*, of counsel), for appellant.

*Fletcher & Evans* and *Walter M. Harvey*, for respondent.

CHADWICK, J.—T. D. Benner, the secretary and general manager of the Tacoma Association of Credit Men, began an action on the 12th of September, 1910, to recover on two accounts which had been assigned to Benner by creditors of the appellant. A summons and complaint were left for service at the office of the respondent sheriff. At the same time, a notice of foreclosure of a chattel mortgage previously executed by appellant in favor of the Tacoma Association of Credit Men, covering a stock of goods owned by appellant, was left at the sheriff's office with directions to proceed by notice and sale. The mortgage was not due, but by its provisions the mortgagee might, if he deemed himself insecure, declare the whole sum immediately due and proceed as in other cases. The notice does not declare that the mortgagee deemed his debt insecure and that he declared the whole sum to be due. The testimony as to subsequent proceedings is not entirely clear, but, in view of our conclusions, we prefer to take the version of the appellant.

Having both the summons and complaint and the notice of foreclosure, the chief deputy, to whom the papers had been given, handed the summons and complaint to another deputy with directions to proceed to the store and take immediate possession. This he did. Thereafter, on the same day, an-

other deputy sheriff went to the store with the notice of fore-closure sale.  At that time the store was in the possession of the first deputy.  The notice fixed the time of the sale as September 22, 1910.  Pending these proceedings, the holders of the mortgage prepared and gave to the sheriff an amended notice of sale in which the fact that the mortgagee deemed itself insecure and had declared the whole sums, together with interest, to be due was recited.  Under this second no-tice, the time of the sale was fixed as October 7, 1910; demand was made upon the sheriff for a return of the goods, which, being refused, the stock of goods was sold as provided by statute.

There has been two trials in the court below.  The first trial judge was of the opinion that the goods were held with-out lawful process, and submitted the question of the value of the property only to the jury.  The jury returned a ver-dict in favor of appellant, and a judgment was duly entered. On the following day, a motion was made for judgment *non obstante,* and, if not granted, that a new trial be had upon the several statutory grounds.  The verdict was returned on June 19, 1911.  On April 17, 1912, the court granted the motion for a new trial.  On April 13, 1913, defendant was allowed to amend his answer.  He set up the fact that the note and mortgage had since been assigned to him and that he was the owner thereof.  The case thereafter came on for trial, and at the conclusion of the testimony the court held that appellant was without remedy, and entered judgment accordingly.

Appellant's first contention is that the court erred in granting a new trial.  We think this assignment is not avail-able to appellant.  The order was appealable.  He did not appeal, and the question is foreclosed against him.

As will be seen, the principal contention is that the sheriff, because of the insufficiency of his process, was a trespasser *ab initio;* (a) that he could not take under a notice that did not declare that the mortgagee deemed himself insecure and

that the debt, for that reason, was declared to be due; and (b) if the notice was sufficient, the possession was taken under the summons and complaint and not under the notice, which at the time was in the sheriff's office and was not served until after the trespass was complete.

Appellant insists, notwithstanding the provision of the mortgage, that the mortgagee may declare the whole amount due in the event that he deems himself insecure, and the statute to the like effect, Rem. & Bal. Code, § 1112 (P. C. 349 § 7), that, in a case where the mortgage is not in fact due but is made due by the election of the mortgagee, the right to declare the debt due is not an arbitrary right and the mortgagee must proceed by an action in the superior court; citing Id., §§ 1104 and 1109 (P. C. 349 §§11, 21).

It is our judgment that the statute is not mandatory. The right of the mortgagee to declare the debt due is a right fixed by the contract of the parties. It is true that he is liable if he act arbitrarily and without sustaining cause. *Fitch v. Goetjen*, 83 Wash. 355, 145 Pac. 447. Having taken possession of the property, the mortgagor is not without remedy to contest either the present right to foreclose or the amount due. Appellant might have removed the proceeding to the superior court under Id., § 1110 (P. C. 349 § 23), where, if the facts were insufficient to sustain a declaration of maturity, the foreclosure would have been restrained.

But in addition to all of these considerations, the notice must be held sufficient. It is a declaration of the amount due and is descriptive of the mortgage. Id., § 1105 (P. C. 349 § 13). The notice is in the nature of a process and it is fair upon its face. *Meacham Arms Co. v. Strong*, 3 Wash. Ter. 61, 13 Pac. 245. Unless challenged in the way provided by statute, the sheriff cannot be held for damages because he took immediate possession under it. *Mack v. Doak*, 50 Wash. 119, 96 Pac. 825. The recital of the fact that the mortgagee deems himself insecure can add nothing to the proceeding.

"The seizure of the property on notice of sale was a sufficient declaration of defendant's intention to declare the whole debt due." *Woodward v. Lutsch,* 69 Wash. 59, 124 Pac. 393.

It all depends upon a question of fact, which the statute has wisely provided may be brought to the attention of the court by the mortgagor. To hold that a mortgagee can be held to a common law liability, not upon the facts, but because of some technical violation of procedure, would not only put a burden upon him that is not sustained by reference to the statute, but it would also relieve the mortgagor of a duty imposed by statute. The mortgagor could permit the seizure and sale of the goods, thus paying his debt, and recover their value in a suit against the sheriff; or, to use the words of counsel, convert a present liability into a prospective asset. But granting that the notice was not sufficient, the second notice, under which the sale was had, is admittedly in form, and will either be treated as an amendment or appellant would be held to the rule that a case will not be sent back to try out a question involving only nominal damages.

Neither is it necessary to give or serve a notice of the foreclosure before taking possession. Rem. & Bal. Code, § 1106, is as follows: [Italics ours.]

"*Such notice shall be placed in the hands of the sheriff* or other proper officer, and shall be personally served in the same manner as is provided by law for the service of a summons: Provided, that if the mortgagor cannot be found in the county where the mortgage is being foreclosed, it shall [not] be necessary to advertise the notice or affidavit in a newspaper; but the general publication directed in the next section shall be sufficient service upon all the parties interested, and *such notice shall be sufficient authority for the officer to take such property into his immediate possession.*"

The "such notice" which is the authority for the officer to take immediate possession of the mortgaged property is the same "such notice" as is placed in the hands of the sheriff.

It is not the notice which is served upon the mortgagor. The original notice is in a sense a warrant. Its service may follow as is provided in §§ 1106 and 1107 (P. C. 349 §§ 15, 17). To hold otherwise would nullify the statute, in so far as foreclosure by notice and sale is concerned. Its object being to preserve property which may be lost or destroyed, immediate possession could not be had if the mortgagor had absconded or could not be found.

It is further maintained by appellant that the sale of the goods was had without sufficient notice and is void. Many authorities are cited to sustain the proposition that, where a statute provides that a notice of "not less than" ten days shall be given, a sale cannot be had until the full expiration of such time, excluding the first day, and that a notice given on the 27th day of September, fixing the 7th day of October as the day of sale, is insufficient in that it fixes the tenth day as the day appointed. We shall not discuss the authorities. They are available in all of the well known reference works. It is enough to say that the legislature, with apparent intent to avoid confusion, has fixed a rule of computation which is binding upon the courts of this state.

"The time within which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last, unless the last day is a holiday or Sunday, and then it is also excluded." Rem. & Bal. Code, § 150.

In *Tompson v. Huron Lumber Co.*, 5 Wash. 527, 32 Pac. 536, a notice served on May 20th was held to be complete on May 31st, excluding May 30th which was a holiday. In *Donaldson v. Winningham*, 62 Wash. 212, 113 Pac. 285, a notice served on February 20, fixing March 2 as the time for hearing a petition, was held to be a sufficient compliance with the statute. See, also, *McGinnis v. Genss*, 25 Wash. 490, 65 Pac. 755; *Spokane & Idaho Lumber Co. v. Stanley*, 25 Wash. 653, 66 Pac. 92; *Perkins v. Jennings*, 27 Wash. 145, 67 Pac. 590.

Whether these cases are right or wrong, or the rule of the statute should be held .to cover only questions of procedure and not notices of sale, are questions that must now be addressed to the legislature.   We have accepted the statute as general and comprehensive of all questions involving a computation of time, and announced the rule accordingly.   However, we cannot refrain from offering the suggestion that this question should not be made possible.   An extension of the time for a thing to be done by a day or two can ordinarily make no difference to the moving party.   But notwithstanding the statute and our own decisions, we may confidently expect its recurrence so long as the books are full of cases holding to the contrary.

Other questions are raised, but our holding that the taking of the property was not a conversion makes them irrelevant.

Affirmed.

MORRIS, C. J., HOLCOMB, MOUNT, and PARKER, JJ., concur.