[No. 17130.  Department Two.  June 13, 1922.]

# A. P. STOCKWELL et al., Appellants, v. HAYES & HAYES, Respondent.[1]

TIME (3)—COMPUTATION—EXCLUDING FIRST OR LAST DAY—EXECUTION—NOTICE OF SALE. Posting a notice on April 29th of a sale on May 9th is valid, under Rem. Comp. Stat., § 582, subd. 1, providing that a notice of sale under execution shall be posted for a period of "not less than ten days prior to the day of sale."

Appeal from a judgment of the superior court for Grays Harbor county, Abel, J., entered January 31, 1922, in favor of the defendants, upon sustaining a demurrer to the complaint, in an action to vacate a sale on execution. Affirmed.

*Gordon & Nolte* and *E. E. Boner*, for appellants.
*John C. Hogan*, for respondent.

MACKINTOSH, J.—After judgment had been obtained, execution was issued and levy thereunder made on personal property, and on April 29th a notice was posted announcing the sale of the property so levied on for May 9. On that date the property was sold and the proceeds applied on the judgment. The appellants, who were the judgment debtors, seek to have the sale set aside, claiming that it was void for insufficiency of notice. A demurrer to their complaint alleging the foregoing facts was sustained, and they have appealed.

Section 582, Remington's Compiled Statutes, relating to the posting of notices of the time and place of sale of property under execution is, in § 1 thereof, as follows:

"In case of personal property, by posting written or printed notice of the time and place of sale in three

[1]Reported in 207 Pac. 662.

(3) public places in the county where the sale is to take place, *for a period of not less than ten (10) days prior to the day of sale."* (Italics ours.)

It is appellants' contention that the notice in this case did not comply with this statutory requirement; that, notice having been posted on April 29 and the sale occurring on May 9, there was a less time than ten days prior to the day of sale. Counsel for appellants, of course, concede that this question is squarely passed on in *Allen v. Morris,* 87 Wash. 268, 151 Pac. 827, and adversely to their contention. Their position is that the *Allen* case is bad mathematics and worse law. This may be so. But the case has been in the books for several years, the rule has been familiar to the bar and many sales have taken place in conformity with that holding. Counsel, however, encourage us from the shore to take the leap from the isolated rock of our rule into the warm current of authorities, inciting our resolution by recapitulating the numerous courageous acts of this court in reversing itself when it has found itself to be in error. Readily confessing our usual courage, we must in this instance cling shiveringly to our rock, for our hardihood hesitates before foolhardiness. Wherever an unjust or illogical rule has been laid down announcing an incorrect principle of law resulting in hardship, the court is not only willing but forward to align itself with the acceptable authorities. But wherever merely an erroneous rule has been announced which has been accepted for a long time by the bar, and where property titles have been affected, and to change it would introduce confusion into the practice and disturb titles, the court is very loath to rectify what may have originally been an error. If there is any hardship in the instant rule—and there does not seem to be any—the remedy of proper legislation is open.

For these reasons, we feel that the judgment of the trial court sustaining the demurrer must be, and it is, affirmed.

MAIN, HOLCOMB, and HOVEY, JJ., concur.

PARKER, C. J., (concurring)—I concur in the result, because I think the law was correctly settled by our decision in *Allen v. Morris,* 87 Wash. 268, 151 Pac. 827.