FILED
9/30/2024
Court of Appeals
Division I
State of Washington

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

SIDDHARTHA JHA,

              Appellant,

    v.

VARISHA MAHMOOD KHAN and
YASSIR ANWAR JAMAL, wife and
husband,

              Respondents.

No. 85963-3-I

DIVISION ONE

UNPUBLISHED OPINION

COBURN, J. — Siddhartha Jha appeals the trial court's decision to vacate certain orders after remand from an earlier appeal and its award of attorney fees to Varisha Khan and Yassir Jamal.  Finding no error, we affirm.

## FACTS

The facts are drawn in part from our opinion in Jha v. Khan (Jha I), 24 Wn. App. 2d 377, 520 P.3d 470 (2022).

On November 1, 2021, Jha filed a lawsuit against Khan and her spouse, Jamal, over an article that Khan wrote when she ran for a position on the Redmond City Council in 2019.  Jha I, 24 Wn. App. 2d at 383-84.  Jha asserted claims of defamation, invasion of privacy by false light, invasion of privacy by publicity given to private facts, and intentional infliction of emotional distress. Jha I, 24 Wn. App. 2d at 384-85.

On November 4, Khan and Jamal notified Jha of their intent to file a motion to dismiss Jha's complaint under the Uniform Public Expression Protection Act, chapter 4.105 RCW (UPEPA). Jha I, 24 Wn. App. 2d at 385. They followed through with the promised motion to dismiss on December 17. Jha I, 24 Wn. App. 2d at 385.

On January 12, 2022, Jha filed a first amended complaint after obtaining leave from the court. The first amended complaint removed all claims except invasion of privacy by false light. That same day, Jha also filed a "Motion for Leave to File Motion for Leave to File Second Amended Complaint." On February 8, the trial court granted the motion, thus allowing Jha to move for leave to file a second amended complaint. Jha I, 24 Wn. App. 2d at 385. On February 18, 2022, Jha filed a motion for leave to file a second amended complaint to add two claims under 42 U.S.C. § 1983 (Section 1983).

On March 1, the trial court denied Khan and Jamal's UPEPA dismissal motion. Jha I, 24 Wn. App. 2d at 386. Two days later, it granted Jha's motion to file his second amended complaint, which Jha did on March 11. Jha I, 24 Wn. App. 2d at 386.

Meanwhile, Khan and Jamal appealed the trial court's orders denying the UPEPA dismissal motion and allowing Jha to file a second amended complaint. Jha I, 24 Wn. App. 2d at 386, 404. We reversed, holding that the trial court "should have granted Khan's UPEPA motion and dismissed Jha's claims with prejudice" and that it erred by entertaining Jha's request to file a second amended complaint. Jha I, 24 Wn. App. 2d at 398, 406. We remanded to the

2

trial court with directions to vacate both its order granting Jha's "Motion for Leave to File Motion for Leave to File Second Amended Complaint" and its order granting Jha's motion for leave to file a second amended complaint. Jha I, 24 Wn. App. 2d at 406-07. We also noted that each party had requested an award of fees on appeal, and we held that "[a]s the prevailing party, Khan is entitled to an award of fees pursuant to RAP 18.1 and RCW 4.105.090(1)." Jha I, 24 Wn. App. 2d at 407. We held further that "because . . . the UPEPA motion should have been granted in Khan's favor, Khan is entitled to an award of fees incurred in the trial court pursuant to RCW 4.105.090(1)." Jha I, 24 Wn. App. 2d at 407. "For the sake of judicial economy and to expedite relief, we instruct[ed] the trial court to make a determination as to the amount of attorney fees and costs awardable to Khan at both the trial and appellate level." Jha I, 24 Wn. App. 2d at 407.

Jha moved for reconsideration, which we denied on January 6, 2023. Jha I, 24 Wn. App. 2d at 407. Jha then petitioned for review by the Washington Supreme Court, which denied Jha's petition on June 7, 2023. Jha v. Khan, 1 Wn.3d 1014, 530 P.3d 182 (2023). On June 30, 2023, the clerk of this court issued the mandate in Jha I.

On August 7, 2023, Khan and Jamal filed a "Motion to Enforce the Mandate and Enter Judgment" (mandate enforcement motion) in which they requested that the trial court vacate its orders granting Jha leave to file a second amended complaint, dismiss Jha's lawsuit, and enter judgment. Jha opposed the mandate enforcement motion, arguing among other things that (1) the motion

3

was untimely and was not served with sufficient notice in advance of the hearing date and (2) his Section 1983 claims "cannot be dismissed with prejudice until they are litigated on the merits."

On August 21, the trial court entered an order (mandate enforcement order) that (1) vacated its order granting Jha's "Motion for Leave to File Motion for Leave to File Second Amended Complaint," (2) vacated its order granting Jha's motion for leave to file a second amended complaint, (3) vacated its order denying Khan and Jamal's UPEPA dismissal motion, (4) granted the UPEPA dismissal motion, (5) dismissed Jha's lawsuit with prejudice, and (6) found that Khan and Jamal were the prevailing parties entitled to an award of reasonable attorney fees, costs, and litigation expenses.

Khan and Jamal subsequently filed a motion for fees, costs, and litigation expenses (fee motion) and noted it for hearing on September 8, 2023. The fee motion and the notice for hearing were electronically filed on August 25, 2023 at 2:15 p.m.

On August 31, Jha filed a motion for reconsideration of the mandate enforcement order. Jha also opposed the fee motion, arguing that it was "procedurally deficient" because Khan and Jamal failed to file and serve it "no later than 4:30 p.m. nine judicial days before" the noting date as required by King County Local Civil Rule (KCLCR) 7(b)(4)(A). He argued further that "Khan had no right or justification to delay 9 months" to file the fee motion.

On October 3, the trial court entered orders denying Jha's motion to

reconsider the mandate enforcement order and granting the fee motion.[1] Jha

moved for reconsideration on fees, and the trial court denied the motion,

explaining,

> When applied to the number of days that a motion must be filed and served before the consideration date, the time periods under CR 6(a) and LCR 7(b)(4)(A) run *backward*. Thus, October 5, 2023, was the ninth judicial day before a consideration date of October 18. The "day of the act, event, or default from which the designated period of time begins to run" is the October 18 consideration date and that date "shall not be included." CR 6(a). The "last day of the period so computed"—looking backward—was October 5 and that date "shall be included." Id.
> Likewise, August 25, 2023 was the ninth judicial day before a consideration date of September 8. August 25 was the last day of the time period and it was included in the time computation.

Jha appeals.

## DISCUSSION

Jha seeks reversal on a number of grounds, none of which are persuasive

for the reasons discussed below.

### Attorney Fee Award

Jha argues that the trial court erred by granting the fee motion and not

reconsidering its decision. We disagree.

We apply a two-part standard of review to a trial court's award or denial of

attorney fees. Falcon Props. LLC v. Bowfits 1308 LLC, 16 Wn. App. 2d 1, 11,

478 P.3d 134 (2020). First, "we review de novo whether there is a legal basis for

awarding attorney fees by statute, under contract, or in equity." Falcon Props.,

---

[1] The trial court also entered an order denying Jha's motion to have his out-of-state counsel admitted to practice on a limited basis. Although Jha designated that order in his notice of appeal, he neither assigns error to it nor discusses it in his briefing. Accordingly, we do not address it further. Cf. Holder v. City of Vancouver, 136 Wn. App. 104, 107, 147 P.3d 641 (2006) (appellant abandons an issue by failing to brief it).

16 Wn. App. 2d at 11. Then, "we review a discretionary decision to award or deny attorney fees and the reasonableness of any attorney fees award for an abuse of discretion." Falcon Props., 16 Wn. App. 2d at 11. "We review a trial court's denial of a motion for reconsideration for abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." River House Dev. Inc. v. Integrus Architecture, P.S., 167 Wn. App. 221, 231, 272 P.3d 289 (2012).

In support of reversal, Jha renews his arguments that the mandate enforcement motion and the fee motion were procedurally deficient. He contends that the mandate enforcement motion was not timely served under CR 6(e), which requires three days to be added to prescribed time periods when service is made by mail. But the record shows that Khan and Jamal filed and served the mandate enforcement motion *electronically* via the superior court's e-filing application at 10:48 a.m. on August 7, 2023. Indeed, even Jha acknowledges that he received the motion electronically. Under King County Local General Rule 30(b)(4)(B)(i), electronic service "constitutes service under CR 5 and is complete as stated in CR 5(b)(7)," which in turn provides that "[s]ervice by facsimile or electronic means is complete on transmission when made prior to 5:00 p.m. on a judicial day." Jha's claim that electronic service was "irrelevant" merely because Khan and Jamal also mailed him a copy of the mandate enforcement motion is without merit.

Jha's claim that the fee motion was not timely served is also without merit. Under KCLCR 7(b)(4)(A), "[t]he moving party shall serve and file all motion

documents no later than 4:30 p.m. *nine judicial days* before the date the party wishes the motion to be considered."  (Emphasis added.)  And under CR 6(a), as relevant here, "[i]n computing any period of time . . . , the day of the act, event, or default from which the designated period of time begins to run shall not be included," while "[t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday."

Here, Khan and Jamal noted the fee motion for September 8, 2023. Taking into account the Labor Day holiday on September 4, 2023, the date nine judicial days before September 8, 2023 was August 25, 2023.  See RCW 1.16.050(1) (listing state legal holidays).  The trial court correctly concluded that because August 25 was the last day of the period and "shall be included" under CR 6(a), the fee motion was timely because it was electronically filed and served at 2:15 p.m. that day.[2]

Jha disagrees and cites to an example from the Washington Practice Series.  But the Washington Practice Series is not binding authority, and in any case, the example does not assist Jha because it is based on CR 68, which requires service of an offer of judgment "*more than* 10 days before the trial begins."  (Emphasis added.)  See 15 DOUGLAS J. ENDE, WASHINGTON PRACTICE: CIVIL PROCEDURE § 48:3, at 364 n.1 (3d ed. 2018).  Jha also relies on the following quote from Allen v. Morris, 87 Wash. 268, 151 P. 827 (1915):

> [W]here a statute provided that a notice of 'not less than' ten days
> shall be given, a sale cannot be had until the full expiration of such
> time, excluding the first day, and that a notice given on the 27th day

---

[2] Jha argues, as he did with regard to the mandate enforcement motion, that three days were required to be added because the fee motion was also mailed to him. That argument fails for the reasons already discussed.

of September fixing the 7th day of October as the day of sale is insufficient, in that it fixes the tenth day as the day appointed.

But critically, Jha omits that Allen only acknowledged that "[m]any authorities are cited to sustain the proposition" quoted above. 87 Wash. at 273. The Allen court then *rejected* that proposition based on Remington's Revised Statutes § 150, which, like CR 6(a), directed that time "shall be computed by excluding the first day and including the last, unless the last day is a holiday or Sunday." Allen, 87 Wash. at 273. Indeed, Allen confirmed that under that statute, "a notice served on May 20th was held to be complete on May 31st, excluding May 30th, which was a holiday," and "a notice served on February 20th, fixing March 2d as the time for hearing a petition, was held to be a sufficient compliance with the statute." 87 Wash. at 273 (citing Tompson v. Huron Lumber Co., 5 Wash. 527, 32 P. 536 (1893); Donaldson v. Winningham, 62 Wash. 212, 113 P. 285 (1911)). Jha's reliance on Allen is misplaced.[3]

Jha next points out that Khan and Jamal gave notice of their intent to seek dismissal of Jha's complaint under UPEPA *before* Jha filed his first amended complaint. See Jha I, 24 Wn. App. 2d at 385. He then asserts that because Khan and Jamal did not provide an additional notice directed at the first amended complaint, their UPEPA motion "was directed at the wrong Complaint," and they are not entitled to fees under RCW 4.105.020(1). That statute requires the party moving to dismiss under UPEPA to "provide written notice . . . of its intent to file the motion at least 14 days prior to filing the motion." RCW 4.105.020(1). It also

---

[3] Because we conclude that Khan and Jamal timely served the fee motion, we do not address Jha's arguments premised on his claim that the trial court improperly shortened time on the motion.

8

provides that "[i]f the moving party fails to provide the notice required under this subsection, such failure shall not affect the moving party's right to relief under this chapter, but the moving party shall not be entitled to recover reasonable attorneys' fees under RCW 4.105.090." RCW 4.105.020(1).

But as we noted in Jha I, although the trial court did not authorize Jha to file a first amended complaint until after Khan and Jamal filed their UPEPA dismissal motion, "the trial court construed the UPEPA motion as applicable to the first amended complaint given the identical factual allegations." 24 Wn. App. 2d at 406 n.17. To the extent Jha took issue with the trial court's treatment of the motion or the preceding notice, that issue could have been presented in Jha I. Khan and Jamal contend that Jha's argument is thus barred by the "law of the case" doctrine, but Jha correctly points out that we have the power to consider the issue. See RAP 2.5(c) (restricting the law of the case doctrine).

Nevertheless, we decline to do so. RAP 2.5(c) makes the law of the case doctrine discretionary. State v. Mannhalt, 68 Wn. App. 757, 762-63, 845 P.2d 1023 (1992). Jha argues that we should consider the issue because it is "significant," but he fails to explain why, if he believed the issue was significant, he did not raise it in his first appeal, much less on remand. He also does not persuade us that declining to consider the issue in this second appeal would work a manifest injustice given that (1) UPEPA must be broadly construed, Jha I, 24 Wn. App. 2d at 388, and (2) Jha was not prejudiced by the lack of a second notice given that the sole claim in his first amended complaint was also asserted in his original complaint. Under these circumstances, we adhere to the principle

9

that "'questions determined on appeal, or which might have been determined had they been presented, will not again be considered on a subsequent appeal if there is no substantial change in the evidence at a second determination of the cause.'" Folsom v. County of Spokane 111 Wn.2d 256, 263, 759 P.2d 1196 (1988) (quoting Adamson v. Traylor, 66 Wn.2d 338, 339, 402 P.2d 499 (1965)); see also State v. Clark, 143 Wn.2d 731, 745, 24 P.3d 1006 (2001) (appellate courts may depart from the principle set forth in Folsom where adherence to it would result in manifest injustice).

Next, Jha argues that Khan and Jamal waived their right to seek attorney fees because Khan "did not do anything about her entitlement to attorney's fees for over 9.5 months after the decision in Jha I was issued." But as noted, after we issued our opinion in Jha I, Jha moved for reconsideration, then petitioned for review. The mandate did not issue until June 30, 2023, after the Washington Supreme Court denied review, and the trial court did not carry out that mandate until August 21, 2023, when it entered judgment thereon by dismissing Jha's lawsuit with prejudice. Cf. RAP 12.2 (appellate court's decision becomes effective and binding on the parties and governs subsequent proceedings "[u]pon issuance of the mandate"); CR 54(a)(1) ("A judgment is the final determination of the rights of the parties in the action and includes any decree and order from which an appeal lies."). Khan and Jamal timely filed the fee motion within 10 days thereafter, as required under CR 54(d)(2). We discern no merit in Jha's various arguments that, by waiting until Jha I became final to file the fee motion, Khan and Jamal waived their entitlement to attorney fees.

Finally, Jha argues that the trial court abused its discretion by granting the fee motion in full. But Jha did not interpose any substantive objections to the fee motion below, so we decline to consider those objections for the first time on appeal. See Wingert v. Yellow Freight Sys., Inc., 146 Wn.2d 841, 853, 50 P.3d 256 (2002) (arguments not raised in the trial court generally will not be considered on appeal). And although Jha argued in his motion for reconsideration that Khan was not entitled to certain fees for work relating to her official capacity, the trial court did not abuse its discretion by declining to entertain that argument for the first time on reconsideration. See River House Dev., 167 Wn. App. at 231 (trial court's discretion on reconsideration "extends to refusing to consider an argument raised for the first time on reconsideration absent a good excuse").

"Dismissal" of Section 1983 Claims

Jha next contends that the trial court erred by entering the mandate enforcement order because it improperly "dismissed" his "unadjudicated" Section 1983 claims with prejudice. It did no such thing. Rather, the mandate enforcement order vacated the orders that allowed Jha to amend his complaint to add those claims in the first place. Accordingly, when the trial court dismissed Jha's lawsuit with prejudice, it dismissed the only "live" claim in this lawsuit, i.e., Jha's claim for invasion of privacy by false light. For the reasons already discussed in Jha I, this was not error.[4]

---

[4] Because the trial court did not dismiss any Section 1983 claims, we need not and do not address the parties' arguments about whether those claims had merit.

Fees on Appeal

Each party requests an award of attorney fees on appeal under RCW 4.105.090. That statute directs the court to "award court costs, reasonable attorneys' fees, and reasonable litigation expenses" related to a motion for relief under UPEPA (1) "[t]o the moving party if the moving party prevails on the motion" or (2) "[t]o the responding party if the responding party prevails on the motion and the court finds that the motion was not substantially justified or filed solely with intent to delay the proceeding." RCW 4.105.090. Because Jha, the responding party, did not prevail, we deny his request for fees on appeal. And because Khan and Jamal, the moving parties, prevailed and Jha does not dispute that RCW 4.105.090 applies to this appeal, we grant their request for fees on appeal subject to their compliance with RAP 18.1.[5]

Sanctions

As a final matter, on April 16, 2024, a commissioner of this court denied Jha's motion for a third extension of time to file his opening brief. The commissioner also ruled that "[i]f [Jha] does not file the opening brief by April 22, 2024, this Court *will impose* sanctions of $250." (Emphasis added.) Jha did not move to modify the commissioner's ruling. He also did not file his opening brief by April 22, 2024. Khan and Jamal requested sanctions pursuant to the commissioner's April 22 ruling, and the commissioner referred the request to this panel. We grant the request and order Jha to pay sanctions in the amount of

---

[5] Because we grant Khan and Jamal fees on appeal under UPEPA, we need not and do not consider their request for fees as a sanction under RAP 18.9(a).

$250.00 to Khan and Jamal.

We affirm.

_Cohen, J._

WE CONCUR:

_Birk, J._          _Hazelrigg, ACJ_